# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| HAKEEM RAPHAEL ABDULLAH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RONALD L. SEALS, ) <br> ) <br> Respondent. ) | No. 3:21-CV-195-RLJ-HBG |

## MEMORANDUM OPINION

This is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241 in which Petitioner, a pretrial detainee housed in the Sevier County Jail, seeks a speedy trial for pending charges against him, as well as a reasonable bond and any other relief this Court deems just [Doc. 1]. Now before the Court are Respondent's original motion to dismiss this action [Doc. 10] and amended motion to dismiss this action as moot [Doc. 15]. While Petitioner filed an untimely response to Respondent's original motion to dismiss this action [Doc. 14] after the Court entered a show cause order [Doc. 12], he has not filed a response in opposition to Respondent's amended motion to dismiss this action, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff waived any opposition to this dispositive motion [*Id.*]. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Respondent's amended motion to dismiss this action [Doc. 15] will be **GRANTED**, his original motion to dismiss [Doc. 10] will be **DENIED as moot**, and the instant petition will be **DISMISSED**, as this case is now moot.

A federal court cannot properly exercise jurisdiction over a moot case under Article III of the United States Constitution. *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019).

When a case no longer presents "'live'" issues or the parties do not have "'a legally cognizable interest in the outcome,'" it is moot. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (quoting *L.A. Cty. v. Davis*, 440 U.S. 625, 631 (1979)). In other words, mootness asks if there is a justiciable controversy throughout the lawsuit. *Sumpter v. Wayne Cty.*, 868 F.3d 473, 490 (6th Cir. 2017); *see also In re: 2016 Primary Election*, 836 F.3d 584, 588 (6th Cir. 2016) ("[Mootness] is akin to saying that although an actual case or controversy once existed, changed circumstances have intervened to destroy standing" (quoting *Allen v. Mansour*, 982 F.2d 404 (Table), 1991 WL 37832, at *1 (6th Cir. 1991))). A case is nonjusticiable "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 306 (2012).

In his petition, Petitioner seeks (1) a speedy trial for the charges against him in Sevier County for carjacking, aggravated robbery, aggravated kidnapping, possession of heroin, and felony escape, (2) a reasonable bond, and (3) any other relief the Court deems just [Doc. 1]. However, in his amended motion to dismiss this action, Respondent asserts that this action is moot, as Petitioner has now pled guilty to the charges against him for carjacking and attempted possession with attempt to sell/deliver a schedule I controlled substance, the other charges against Petitioner for aggravated kidnapping, aggravated robbery, and escape were dismissed, and Petitioner has agreed to waive and cooperate with extradition to the State of Ohio [Doc. 15 p. 1–2 n.1]. Respondent has also filed public court records supporting these assertions [Doc. 15-1]. As noted above, Petitioner filed no response in opposition to these filings, and his time for doing so has passed.

Thus, as the record establishes that Petitioner has pled guilty to two charges against him, the remaining charges against him have been dismissed, and Petitioner has agreed to extradition

2

to Ohio, it is apparent that Petitioner's requests for a speedy trial and a reasonable bond are moot, and nothing in the record suggest that the Court can offer Petitioner any other relief under § 2241. Accordingly, Respondent's amended motion to dismiss this action as moot [Doc. 15] will be **GRANTED**, his original motion to dismiss this action [Doc. 10] will be **DENIED as moot**, and this action will be **DISMISSED**.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not find it debatable that the petition is moot now that the relevant charges against Petitioner have been resolved through a guilty plea or otherwise and he has agreed to cooperate with extradition to Ohio, the Court concludes that a COA should be denied. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge